IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **Sociedad Huertos Collipulli, S.A.** | : | CIVIL ACTION |
| Collipulli, Chile | : | |
| | : | |
| vs. | : | |
| | : | NO. |
| **Trans Global Shipping, N.V.** | : | |
| **Kaya Flamboyan II** | : | |
| **P.O. Box 4918** | : | |
| **Willemstad, Curacao   9999** | : | |
| -and- | : | |
| **Seatrade Reefer Chartering N.V** | : | |
| **as Agents for and on behalf of** | : | |
| **Seatrade Group N.V.** | : | |
| **c/o Brach Office** | : | |
| **Atlantic House** | : | |
| **Noorderlaan 147** | : | |
| **2030 Antwerp** | : | |
| **Belgium** | : | |

## COMPLAINT IN ADMIRALTY *IN REM AND IN PERSONAM*

### Parties

1. Plaintiff, Sociedad Huertis Collipulli, S.A., is a corporation with offices and places of business located in Chile.

2. Plaintiff is a shipper and/or receiver/consignee of fruit who regularly import their products on board ocean vessels arriving in the ports of Wilmington, Delaware.

3. Defendant, Trans Global Shipping, N.V. (hereinafter "Trans Global") is, on information and belief, a foreign corporation with an office and place of business located at Curaco. At all times material hereto, Trans Global was the owner, charterer and/or operator of the vessel involved in this shipment.

1

4. Defendant, Seatrade Reefer Chartering, N.V. (hereinafter "Seatrade"). As agents for and on behalf of Seatrade Group, N.V., is, on information and belief, a foreign corporation with an office and place of business located at Belgium. At all times material hereto, Seatrade was the owner, charterer and/or operator of the vessel involved in this shipment.

5. The vessels owned and/or operated by the above defendants have used the port of Wilmington, Delaware discharged and loaded cargo therein, been supplied services and handled therein and is subject to service of process under the applicable rules of law in admiralty practice and the statutes of Delaware.

6. Plaintiff is a shipper, consignee or owner of the cargo described more further below, and brings this action on its own behalf and as agent and trustee on behalf of and for the interests of all parties who may be or become interested in said shipment, and cargo as their respective interests may ultimately appear, and plaintiff is duly entitled to maintain this action.

## Jurisdiction and Venue

7. Plaintiff, by and through its undersigned attorneys, hereby brings this suit against the defendants under the provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the supplemental Admiralty Rules of the Federal Rules of Civil Procedure. In addition, jurisdiction is invoked pursuant to 28 U.S.C. §1337 as this is an action arising under an Act of Congress regulating commerce, specifically, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.* and the Harter Act of 1893, 46 U.S.C. §§190-196.

8. Venue lies within the District Court of Delaware under the provisions of 28 U.S.C. § 1391.

## COUNT I

9. In or about January 2015, in Valpataiso, Chile, 12,240 cases of fresh blueberries consigned to plaintiff were delivered in good order and condition aboard the M/V CHIQUITA ROSTOCK for transportation to Wilmington, Delaware and delivered to the vessel in Chile in like good order and condition.

10. In or about January 2015, the aforesaid shipment was loaded aboard said vessel and clean on-board bills of lading numbered TGBS1509WDVP009, TGBS1509WDVP011 and TGBS1509WDVP010 for containers numbered CXRV1114847, CXR1352260 and CXRV1352280 were issued by Trans Global acknowledging receipt on the vessel of said shipment in good order and condition.

10. Thereafter, the goods were delivered by the above named defendants to plaintiff, whereupon it was discovered that plaintiff's goods were not in like good order and condition as when received aboard the M/V CHIQUITA ROSTICK, but were instead damaged, deteriorated in value and unfit for sale or use.

11. The aforesaid damage and loss of plaintiff's cargo was the result of breaches by the defendants of their obligations as a common carrier of goods, of breaches by them of the lawful terms and conditions of the bill of lading issued by them.

12. By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by it and the breaches of the defendants and their obligations as a common carrier of goods, plaintiff has sustained damage and loss in an amount in excess of One Hundred Ninety Nine Thousand Dollars ($199,000.00).

13. The aforesaid damage and/or loss of plaintiff's cargo was caused by the

unseaworthiness of the vessel and the negligence of the above-named defendants, their agents, servants and employees in:

    a.    failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

    b.    failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

    c.    failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

    d.    failing to use proper care under the circumstances;

    e.    failing to provide the proper temperature to the cargo;

    f.    other and further particulars which will be shown at the time of trial.

14.    By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of plaintiff's goods and the lack of appropriate stowage aboard the said vessel plaintiff has suffered damages and loss in excess of One Hundred Ninety Nine Thousand Dollars ($199,000.00).

15.    Notices of claim have been filed with the defendants, but may have failed and refused to pay all or any part of the loss which has been sustained by plaintiff.

16.    All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, plaintiff prays that:

1.    Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

- 5 -

2. If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the Admiralty Rules in the amount of One Hundred Ninety Nine Thousand Dollars ($199,000.00).

3. Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the named vessel the engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4. Judgment be entered on behalf of plaintiff and against the defendants plus interest and costs of this action.

5. Plaintiff has such other and further relief in the premises and in law and justice as it may be entitled to receive.

**TYBOUT, REDFEARN & PELL**

/s/  Michael L. Sensor
MICHAEL L. SENSOR
Delaware Bar ID No. 3541
750 Shipyard Drive, Suite 400
P.O. Box 2092
Wilmington, DE   19899-2092
(302) 658-6901
*Attorney for Plaintiffs*

**OF COUNSEL:**

DUGAN, BRINKMANN, MAGINNIS AND PACE
Eugene J. Maginnis, Esquire
1880 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA 19103
(215) 563-3500